UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WAYNE M. GREEN, SR. | : |
| | :         PRISONER |
| v. | :         Case No. 3:09-cv-1989 (CFD) |
| | : |
| COMMISSIONER OF CORRECTION | : |

**RULING ON PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner currently is confined in the Cheshire Correctional Institution. He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 1974 conviction on the ground that his guilty plea was not knowing and voluntary. For the reasons that follow, the petition is dismissed without prejudice.

**I.   Background**

In 1974, petitioner pled guilty in the Connecticut Superior Court for Geographical Area 2 at Bridgeport, Connecticut, to a charge of robbery in the second degree. He was sentenced to a term of imprisonment of 15-30 months and has completed serving that sentence. See Printed Pet. at 2; Handwritten Pet. at 2. He did not file a direct appeal or state habeas petition. See Printed Pet. at 3, 5.

In April 1986, petitioner was convicted in New York state court on a charge of burglary in the second degree. His sentence, a term of fifteen years to life, was enhanced by the 1974 conviction. See Handwritten Pet. at 3.

On December 1, 2009, petitioner signed and, presumably, mailed this petition to the court to challenge the 1974 conviction.

**II.   Discussion**

    **A.   In Custody Requirement**

A prerequisite to filing a habeas corpus petition in federal court for relief from a

state court conviction is that the petitioner be "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a).  The Supreme Court has interpreted this language to require that the "petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed," Maleng v. Cook, 490 U.S. 488, 491-92 (1989) (citations omitted), or under a consecutive sentence imposed at the same time as the conviction or sentence under attack.  See Garlotte v. Fordice, 515 U.S. 39, 41 (1995).  Petitioner states that he discharged from the 1974 sentence in 1975.  Thus, he was not in custody on that sentence when he commenced this action, thirty-four years later, in December 2009.

In Maleng, the Supreme Court held that a habeas petitioner does not remain "'in custody' under a conviction after the sentence imposed for it has fully expired, merely because that conviction had been used to enhance a subsequent sentence.  See 490 U.S. at 493.  The Court acknowledged, however, that Maleng had "satisfied the 'in custody' requirement for federal habeas jurisdiction" because his 2254 petition "[could] be read as asserting a challenge to [his present sentences,] as enhanced by the allegedly invalid prior conviction." Id. at 493-94.  Thus, a court may construe a section 2254 petition as "'asserting a challenge to [a present] senten[ce], as enhanced by [an] allegedly invalid prior ... conviction.'" Lackawanna County District Attorney, 532 U.S. 394, 401-02 (2001) (quoting Maleng, 490 U.S. at 493.)

Petitioner argues that the court should construe this petition as a challenge to his New York conviction because New York parole authorities plan to extradite him after he completes serving his current, unrelated, eight-year Connecticut sentence.  See Handwritten Pet. at 3.  Department of Correction records reveal that a detainer has

been lodged against petition but do not indicate by which state. See

http://www.ctinmateinfo.state.ct.us/detailsupv/asp?id_inmt_num=50848 (last visited

Jan. 7, 2010).

If the court were to construe this petition to challenge the New York conviction, petitioner must include as a respondent "the attorney general of the state where the judgment was entered." Rule 2(b) of the Rules Governing Section 2254 Cases in the United States District Courts. The attorney general would respond to the petition. Because petitioner would be challenging a New York conviction, it is not clear that venue would be proper in Connecticut. The court need not make that determination. Even if the court were to consider this petition as challenging the New York conviction and assume that venue was proper, the petition should be dismissed.

**B.     Certification Requirement for Filing a Second or Successive Petition**

Petitioner may file only one federal habeas action challenging a conviction. See 28 U.S.C. § 2244(a). Petitioner previously filed a federal habeas corpus petition challenging the 1986 New York conviction. See Green v. Scully, 840 F. Supp. 254 (S.D.N.Y. 1993).

There are strict requirements before a second petition may be filed.

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable

factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Petitioner argues that his guilty plea was not "knowing and voluntary," thereby violating his rights under the Fifth, Sixth and Fourteenth Amendments. He does not rely on a new rule of constitutional law. Petitioner argues that neither his attorney nor the court ensured that he was aware that the 1974 conviction could be used to enhance a subsequent sentence. Petitioner was aware of the sentence enhancement once he was sentenced in 1986. Thus, he was aware of the factual predicate for this claim long before he filed his first federal habeas petition challenging the New York sentence. The court concludes that petitioner failed to satisfy the requirements for filing a second petition.

In addition, even if the petition could be construed to satisfy the requirements, "[b]efore a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3). Petitioner has not submitted a certification authorizing the filing of a second petition. Thus, to the extent that the petition may be construed as challenging the New York conviction, it is dismissed as a second or successive petition filed without authorization from the court of appeals.

**C.   Exhaustion Requirement**

Another prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of available state remedies. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A). The Second Circuit requires the district court to conduct a two-part inquiry. First, a petitioner must present the factual and legal bases

of his federal claim to the highest state court capable of reviewing it.  Second, he must have utilized all available means to secure appellate review of his claims.  See Galdamez v. Keane, 394 F.3d 68, 73-74 (2d Cir.), cert. denied, 544 U.S. 1025 (2005).

Petitioner states that he has not presented this claim to any state court, either on direct appeal or collateral attack.  See Printed Pet. at 3, 5, 10, 17.  Thus, even if the claim were properly filed, petitioner concedes that he has not exhausted his state remedies.  The court is required to dismiss the petition if it plainly appears that the petitioner is not entitled to relief.  See Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition").

### D. Limitations Period

Finally, federal habeas corpus statutes impose a one year statute of limitations on federal petitions for writ of habeas corpus challenging a judgment of conviction imposed by a state court.[1]  See 28 U.S.C. § 2244(d)(1).  The limitations period begins on the completion of the direct appeal or the conclusion of the time within which an appeal could have been filed and may be tolled for the period during which a properly filed state habeas petition is pending.  See 28 U.S.C. § 2244; Williams v. Artuz, 237

---

[1] Untimeliness of a federal habeas petition usually is raised in a motion to dismiss the petition.  The court may raise the statute of limitations sua sponte where petitioner's failure to present his claims to the state's highest court is apparent from the face of the petition and notice is provided to the petitioner.  See Day v. McDonough, 547 U.S. 198, 210 (2006).  Because the court has not provided prior notice to petitioner, it does not dismiss the petition as time-barred.  Rather, the court raises the issue to inform petitioner of this requirement if he chooses to refile his petition.

F.3d 147, 151 (2d Cir.), cert. denied, 534 U.S. 924 (2001).

Petitioner's 1974 conviction became final at the expiration of the time within which he could have, but did not, file a direct appeal. Although petitioner has not provided the exact date of his conviction, it clearly became final over twenty years before the establishment of the one-year limitations period in 1996. Thus, petitioner has one year from the establishment of the limitations period, that is until April 24, 1997, to file his federal habeas petition. See Ross v. Artuz, 150 F.3d 97, 102-03 (2d Cir. 1998) (holding that where conviction became final before enactment of one-year limitations period, petitioner had one year from enactment date to file federal habeas petition). Petitioner filed this petition in December 2009, over twelve years too late.

Petitioner can overcome the time bar by demonstrating that the limitations period should be equitably tolled. Equitable tolling, however, applies in habeas cases only in extraordinary and rare circumstances. Petitioner would have to show that he has been pursuing his rights diligently, but extraordinary circumstances prevented him from timely filing his petition. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Diaz v. Kelly, 515 F.3d 149, 153 (2d Cir.), cert. denied sub nom. Diaz v. Conway, 129 S. Ct. 168 (2008). The threshold for petitioner to establish equitable tolling is very high. See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.) (acknowledging high threshold for establishing equitable tolling), cert. denied, 531 U.S. 840 (2000).

### III. Conclusion

The Order to Show Cause [**Dkt. #3**] is hereby **VACATED** and the Petition for Writ of Habeas Corpus [**Dkt. #1**] is **DISMISSED** without prejudice.

The court concludes that jurists of reason would not find it debatable that petitioner exhausted his state court remedies.  Thus, a certificate of appealability will not issue.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that, when the district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's ruling).  The Clerk is directed to enter judgment and close this case.

**SO ORDERED.**

Dated this 8th day of February 2010, at Hartford, Connecticut.


/s/ Christopher F. Droney
Christopher F. Droney
United States District Judge